OPINION. OppeR, Judge: The parties insist, but in unrelated situations, that we can accept as the best evidence of contemporaneous value the sale price agreed upon by buyer and seller when petitioner acquired the property in controversy. We agree as to both items; with the consequence that, contrary to petitioner’s contention as to the good will and to respondent’s contention as to the real estate, we have found as the amount of petitioner’s equity capital invested in these items the agreed figures at which they changed hands at the time. No comparably good evidence of fair market value appears otherwise in the record or from the formula described in A. E. M. 34, 2 C. B. 31, for cases where other evidence fails. The second issue requires consideration of the nature of the obligation incorporated in petitioner’s issue of scrip. This was delivered to its bondholders upon its reorganization in 1939 on account of past due and unpaid interest, on the bbnds and was based solely on the interest obligation. If this scrip retained its character as interest, it is excluded from the computation of borrowed invested capital under the provisions of section 719 (a) (1). We think it did so. Palm Beach Trust co., 9 T. C. 1060. Eespondent’s action in excluding the total amount of this scrip from borrowed invested capital is sustained. Finally, petitioner contends that, in the computation of its excess profits income, it should be permitted a deduction to represent an amortizable “discount” due to the fifteen-year term of the scrip and to the fact that its market value when issued was only a small fraction of its face amount. The payment, however, which petitioner will be called upon to make when the scrip becomes due, is not greater than the interest obligation existing prior to its issuance, since, as we have said, the scrip was based precisely on the interest obligation. Even if the scrip is ultimately paid at face, petitioner will thus have suffered no loss. Since bond discount is founded upon the concept of compensation for a prospective loss, there seems no warrant for its application to petitioner’s situation. Atlanta & Charlotte Air Line Railroad Co., 36 B. T. A. 558. We find no error in respondent’s failure to permit an allowance for such discount in computing petitioner’s excess profits income. Decision will be entered under Rule 50.